## MARSH, Appellant, *v.* MORGAN, Respondent.

[Submitted March 3, 1896. Decided March 9, 1896.]

Foreclosure—*Mechanic's lien—Equity issue—Findings—New trial.*—In an action for the foreclosure of a mechanic's lien filed against a building, the interior of which the plaintiff had papered, where the only controversy was as to the number of rolls of paper hung, which involved the question as to whether a roll of paper meant deducting anything for waste or not, findings of the jury upon these questions were not advisory merely, since there was no equity issue involved, and therefore a motion to set them aside was properly denied. And when in such case the evidence upon which the findings were based was conflicting, and it could not be said that the jury did not have testimony justifying their findings, an order denying a new trial will not be disturbed.

*Appeal from Tenth Judicial District, Flathead County.*

Foreclosure of Mechanic's Lien. Defendant had judgment below for costs. Plaintiff's motion for a new trial was denied by Du Bose, J. Affirmed.

*Frank L. Gray*, for Appellant.

*Sanford & Grubb*, for Respondent.

Per Curiam.—The plaintiff brought this action to recover from defendant $234.40 for the performance of certain labor upon a building owned by defendant, and for the foreclosure of a mechanic's lien which plaintiff had filed against the said building. The services, as plaintiff sets up in his complaint, were hanging wall paper upon the interior of said building, for which he alleges defendant agreed to pay plaintiff at the rate of 40 cents per roll for all of such paper hung. He alleges that, in pursuance to this contract, he hung 586 rolls of paper, which, at 40 cents a roll, would amount to $234.40. He alleges the nonpayment of this bill, and the filing of the lien upon the building. The defendant admits the contract, and admits the filing of the lien. He denies, simply, the number of rolls of paper hung, and alleges that the paper hung amounted to only 458 rolls. He alleges the tender of $188 to the defendant, which tender he made good by depositing that

sum in court. Upon the trial the tender was admitted. The only controversy in the whole case was as to the number of rolls of paper hung. The controversy arose in this way: The plaintiff claimed that the parties were bound by the general customs and usages of the paper-hanging trade, and that the defendant should pay for all the rolls of paper, actually delivered from the store, that were cut into and used in papering the building; that is, that he should pay for all rolls, and for all parts of rolls used as whole rolls. Defendant contended, on the other hand, that he should ascertain the number of rolls which were hung by simply measuring the area of the walls which were covered by paper.

The jury did not find a general verdict, but returned a verdict in two items, called "Special Findings," as follows:

(1) " Did a roll of paper, under the contract between the plaintiff and the defendant, mean deducting anything for waste or not? Answer. Yes."

(2) " How many rolls of paper and border were hung by the plaintiff under the contract? Answer. Four hundred and seventy."

Four hundred and seventy rolls at 40 cents would amount to $188. This being the amount of the tender deposited in court, the court gave judgment for plaintiff for this amount, and ordered the same to be paid to him by the clerk, and gave judgment for the defendant for his costs. A motion for a new trial was made and denied, and this appeal taken.

The plaintiff moved to set aside the findings in this case, which motion was denied. This was proper. The case was not an equity case, and the findings were not simply advisory to the court. It was not an equity case, for the reason that there was no equity issue. There was no issue whatever as to the foreclosure of the lien. It was admitted that, if the plaintiff were entitled to a judgment, he was entitled to his lien, and foreclosure of the same. The contest in the case was purely over the account, and that contest was made upon the question of whether a roll of paper, under the contract, meant deducting anything for waste or not. A very large volume of testi-

mony was introduced upon this question. It was somewhat in conflict. There was also a conflict as to what deductions should be made for waste. The jury did not find, in exact terms, what the deduction should be per roll; but this is not important, for the reason that there was practically no dispute as to how many rolls went to the building from the store, which was 586, and the jury found that 470 rolls were hung. The testimony is a great mass of figures and estimates. It is true that one cannot find, in the evidence, a witness testifying to an estimate and measurement of the waste which would give precisely 470 rolls; but there are measurements and estimates for waste which would give a lesser number and a larger number. We have no means of knowing how the jury arrived at the figures, 470 rolls. They may have taken one witness' measurement of the square yards and another witness' estimate of the waste. There is considerable difference in the testimony as to the fractional part of the openings which would be figured in the waste. With the differences in figures upon the different elements of measurement, we cannot say that the jury did not have figures which they could put together and reach the result of 470 rolls.

This case seems to us, to be one of those irreconcilable conflicts in testimony, which the jury, who see and hear the witnesses, are most competent to resolve. We shall not disturb their finding. The instructions of the court were very simple, and there was but very little, if any, law in the case. They fairly presented the issues to the jury. The judgment and order are affirmed.

*Affirmed.*